ORIGINAL

FILED

12/11/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0689

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0689

HEATHEN BLODHARN,

Petitioner,

v.

STATE OF MONTANA,

Respondent.

ORDER

Self-represented Petitioner Heathen Blodharn has returned to this Court with a Petition for Writ of Mandamus of Injunction with Declaratory Judgment. In summary, Blodharn contends that he should not be placed in Ohio with the Ohio Department of Rehabilitation and Correction (ODRC) because the Flathead County District Court sentenced him to the Montana State Prison (MSP) in 2017.

Blodharn argues that he has been "deliberately deprived of due process" prior to the DOC transferring him to Ohio. Blodharn contends that the State of Montana and the Department of Corrections (DOC) have "deliberately disregarded" his "fundamental constitutional rights: complete and total deprivation of all ability to practice his religion, intentional interference with [his] legal access, and deliberate indifference to his serious medical needs[.]" Blodharn argues that he is entitled to a writ of mandamus "as a matter of law directing the State of Montana to fulfill its mandatory legal duty under, inter alia, [] § 46-19-402[, MCA,] to ensure that Petitioner is 'treated in a reasonable and humane manner' in Ohio and is not 'deprived of any legal right' that he would have in Montana[.]" He states that he has no adequate remedy at law available to him. He further states that he is entitled to a writ of injunction because of the alleged deprivations. Blodharn lists twenty-two requests for relief. He includes copies of correspondence from the ODRC and the DOC.

FILED

DEC 1 1 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

We point out that a writ for extraordinary relief "shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these rules." M. R. App. P. 14(2). To state a claim for mandamus, a party must show entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834. Injunctive relief is also found in Montana statutes. "An injunction is an order requiring a person to refrain from a particular act." Section 27-19-101, MCA. An applicant for an injunction must establish four separate criteria, as Blodharn references from case law. *See* § 27-19-201(1)(a)-(d), MCA. We observe, however, that while Blodharn served the Attorney General, he did not serve counsel for the Department of Corrections. *See* §§ 27-19-105(4), and 27-26-205, MCA.

We conclude, upon review, that Blodharn is not entitled to his requests for mandamus or injunctive relief. This Court entertained Blodharn's arguments in 2023, after counsel for the DOC filed its response in opposition to his writ of habeas corpus and writ of injunction. This Court determined that "[t]he DOC may place inmates anywhere after being received at MSP. The DOC may place inmates at any facility in another state and through either the Western Interstate Corrections Compact or the Interstate Corrections Compact. Sections 46-19-301, and 46-19-401, MCA." *Blodharn v. Gootkin et al.*, No. OP 23-0467, Order (Mont. Jan. 19, 2024) (*Blodharn I*).

Turning to his instant writs, Blodharn has not shown a clear legal duty under mandamus. His 2017 conviction has extinguished his liberty interest to confine him in the MSP. Pursuant to § 46-18-201(3)(a), MCA (2015), the DOC has statutory authority to confine Blodharn "at a state prison to be designated by" the DOC. He is not entitled to a hearing before his transfer. *Meachum v. Fano*, 427 U.S. 215, 224-229, 96 S. Ct. 2532, 2538-2540 (1976). The DOC provided its reasons, such as Blodharn's assault on other inmates, his separation needs from other inmates, and his history as a validated gang member. Blodharn is not entitled to injunctive relief or declaratory judgment.

2

Lastly, we caution Blodharn about filing petitions for extraordinary relief with the same or similar claims when this Court has addressed his arguments previously in an original proceeding. If Blodharn is to persist in filing such petitions for relief, he may be required to file a motion for leave before filing any original proceeding. Accordingly,

IT IS ORDERED that:

1. Blodharn's Petition for Writ of Mandamus and Injunction with Declaratory Judgment is DENIED and DISMISSED;

2. this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: Austin M. Knudsen, Attorney General; Andres Haladay, Chief Legal Counsel, DOC, along with a copy of Blodharn's Petition, and Heathen Blodharn personally.

DATED this 11th day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3